# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3004

_____

United States of America

*Plaintiff - Appellee*

v.

Demetrius Demarco Spencer

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: May 15, 2014
Filed: May 21, 2014

_____

Before WOLLMAN, BYE, and BENTON, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Demetrius Demarco Spencer was convicted of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). He moved for a new trial based on the government's failure to disclose exculpatory evidence and its

misstatements during closing arguments. We affirm the district court's[1] denial of Spencer's motion.

## I.

At 2:30 a.m. on August 23, 2012, two Minneapolis police officers observed roughly a dozen people yelling and pushing one another in a downtown Minneapolis parking lot. Spencer was among them. When the officers approached the crowd in their squad car, Spencer abruptly departed the fracas and began walking away from the officers. The officers noticed that Spencer was carrying a white sock with an L-shaped object within it. The officers watched Spencer approach the open driver's-side front door of a nearby car, duck down behind the door, and reemerge from behind the door without the sock. The officers immediately took custody of Spencer and dispersed the crowd. Upon searching the car that Spencer had approached, the officers discovered the sock under the driver's seat; it proved to contain a pistol.

## II.

A district court may grant a new trial "if the interest of justice so requires." Fed. R. Crim. P. 33. We review a district court's denial of a motion for a new trial for abuse of discretion. United States v. Tate, 633 F.3d 624, 629 (8th Cir. 2011). Spencer asserts that justice requires a new trial in this case because (1) the government violated its obligations under Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose certain exculpatory evidence to the defense; and (2) the government made improper suggestions to the jury during its closing argument. We agree with the district court that neither asserted impropriety warrants a new trial.

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

A.

Spencer asserts that the government violated its duty under Brady by failing to disclose before trial (1) that one of the arresting officers planned to testify at trial in a way that was inconsistent with his police report; and (2) that the officers' mishandling of the sock during the arrest had prevented subsequent DNA analysis of the sock. "To establish a Brady violation, a defendant is required to show that: (1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material." United States v. Keltner, 147 F.3d 662, 673 (8th Cir. 1998). Evidence is not material simply because it would have "help[ed] a defendant prepare for trial." United States v. Aleman, 548 F.3d 1158, 1164 (8th Cir. 2008) (citing United States v. Agurs, 427 U.S. 97, 112 n.20 (1976)). Rather, "[e]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Ladoucer, 573 F.3d 628, 636 (8th Cir. 2009) (quoting Pennsylvania v. Ritchie, 480 U.S. 39, 57 (1987)).

Notably, Spencer learned about both pieces of evidence at trial. "Under the rule in our circuit Brady does not require pretrial disclosure, and due process is satisfied if the information is furnished before it is too late for the defendant to use it at trial." United States v. Almendares, 397 F.3d 653, 664 (8th Cir. 2005). Thus, to establish a Brady violation, Spencer must prove that the government's delay in disclosing the information at issue deprived that information of its usefulness and that this deprivation materially affected the outcome of his trial.

We conclude that Spencer cannot meet this burden. The evidence of Spencer's guilt was overwhelming, and the probative value of his proffered evidence is minimal. Much of the alleged inconsistency between the arresting officer's police report and his testimony at trial is semantic. The officer stated in his police report that he saw Spencer place the L-shaped object under the car's driver's seat; at trial, the

officer clarified that he had merely seen Spencer duck behind the door of the car and reemerge without the sock. The difference between these statements does not make it reasonably probable that a jury would have acquitted Spencer had the government disclosed the officer's anticipated testimony before trial. Likewise, the officers' mishandling of the sock does not negate their testimony that they had observed Spencer carrying the sock. Spencer asserts that the government's delay in disclosing this evidence prevented him from properly impeaching the officers, but with scant evidence that the officers acted in bad faith, we do not think it reasonably probable that this impeachment evidence, standing alone, would have led a jury to acquit Spencer.

B.

Spencer next asserts that a new trial is warranted because the government suggested during its closing argument that one of the officers had actually seen Spencer place the gun under the driver's seat, when, in fact, the officer had only seen Spencer duck behind the door of the car. "To obtain a reversal for prosecutorial misconduct, the defendant must show that (1) the prosecutor's remarks were improper, and (2) such remarks prejudiced the defendant's rights in obtaining a fair trial." United States v. King, 36 F.3d 728, 733 (8th Cir. 1994).

As noted above, much of this asserted controversy is semantic; the officer did not literally see Spencer place the gun under the driver's seat, but he observed acts that led him reasonably to infer that Spencer had done so. To the extent that these remarks could be construed as improper, we do not believe that they prejudiced Spencer. The issue of what exactly the officer saw was thoroughly litigated during trial, and it is unlikely that the jury's conclusion on this point was affected by offhand remarks during closing argument. Even if it was, we doubt that a contrary conclusion—that the officer did not actually observe Spencer place the pistol under the driver's seat—would have affected the jury's overall verdict. Accordingly, we

-4-

find no abuse of discretion in the district court's refusal to grant a new trial on this ground.

III.

The judgment is affirmed.

_____